Pettibone, J.,
delivered the opinion of the Court.
This was an action by Anderson, the endorsee of a promissory noté, against Long, the endorser, on a note'made by one Joseph Phillipson to‘Long,-fór $513' 21. Long, endorsed the note in blank, and left it With one Wm. M. O’Hara for collection. 0.n the trial of the cause-, the plaintiff proved the hand-writing of the'sfaker ofthe note,- and also- of the endorser. The- endorsement Was in Blank, and was filled- up to the' plaintiff in the action.- It was also proved, that the note-had been-received' by the-' plaintiff from- Win.-M.- O’Hara-,-who- kept a private- Bank, or exchange office,- and with whom it had‘ Been- deposited for collection- by the defendant. It Was also* *260 proved, that in the spring of 1821, prior to the note’s becoming due, the plaintiff was notified by the defendant, that Wm. M. O’Hara had transferred the note by delivery, without authority from the defendant, and that neither the maker nor endorser would pay it, when it should become due. The Court decided, that the transfer by O’Hara to the plaintiff, before the note became due, without notice and for valuable consideration, did not divest the defendant’s title to the note, and gave judgment-'for defendant; to reverse which decision, a writ of error is brought.
As it becomes immaterial whether the opinion of the Judge in the Court below is in all respects correct, as it appears from the whole showing, that the plaintiff has failed in one essential point of his case, that is, to show that he came by the note for a good and valuable consideration. In notes payable to bearer, or endorsed in blank, which are transferable by delivery, any person who comes by them bona fide, and for a valuable consideration, and in the usual course of business, may, by the lex merca-toria, recover on them, notwithstanding they may have been lost or stolen, or obtained by fraud from the true owner: (Miller v. Rann, 1 Burr. 452; 4 Taun. 114; Chit. on Bills, 87; Lauson v. Wiston, 4 Esp. Rep. 56; Grant v. Vaughn, 3 Bur. 1516.)
But if any suspicious circumstances are made to appear; if it is shown that the real owner of the note has never parted with his interest in it, the holder is then bound to prove that he came by it honestly, and for a valuable consideration, especially if he has been notified previous to the trial, that the true owner has never parted with his interest in it, so that he might come prepared with the necessary proof. In this case, there is no proof of any consideration having been paid for the note by plaintiff. Defendant never parted with his interest in it. ■ Plaintiff was notified of this fact long before the trial, and of course was bound to show that the equity of the case was on his side, by his having fairly bought the note.
It was further urged by defendant’s counsel, that plaintiff had failed in making out his case, by not proving a presentation of the note to the maker, when it fell due, and notice of non-payment to the endorser. We think the defendant, when he said tHat neither the maker nor endorser would pay the note, dispensed with the necessity of presenting it to the maker for payment. If defendant did not wish, the maker to pay it, he could not wish the note to be presented for payment.
The judgment must be affirmed, with costs.
There is also another point, whether, by our statute concerning assignments, Long might not avail himself of the same defence against the note in the hands of Anderson, that he could have done, if it had remained in the hands of O’Hara, to whom he delivered it. On this point, we do not wish to give any opinion; nor do we wish to be estopped on that point by the foregoing opinion. We do not intend to be understood as deciding, that even if Anderson had proved that he paid a valuable consideration for the note, he would, under the circumstances of this case, have been entitled to recover. All we decide is, that, in the absence of that proof, he certainly cannot recover.